# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY D. RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-307-W |
| | ) |
| BECKY GUFFY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint, Plaintiff alleges violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

An initial review of the Complaint [Doc. #1] has been conducted pursuant to 28 U.S.C. § 1915A. It is recommended that the Complaint be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.

## Background and Claims

Plaintiff is incarcerated in the James Crabtree Correctional Center (JCCC). Plaintiff's claims arose from his request to be provided with tennis shoes by the State of Oklahoma. Plaintiff states that he has diabetes, that the State of Oklahoma is obligated to provide him with appropriate footwear, and that he was denied the appropriate footwear provided to "all other similarly situated diabetic inmates at all the other prisons in Oklahoma." Complaint,

p. 2.  The complaint names two Defendants – Becky Guffy, Administrative Procedures Officer and Katryna Frech, Correctional Health Services Adm. II.

According to Plaintiff, his first request for tennis shoes was denied in 2007 because no medical provider had, at that time, recommended that he wear tennis shoes.  Plaintiff states that he obtained an order from a medical provider in December of 2011 "directing the State to provide 'tennis shoes' due to a 'medical condition.'"[1]  Complaint, p. 8.  Plaintiff asserts that DOC policy requires that appropriate footwear be provided to indigent diabetic inmates at State expense when recommended by a medical provider.  *Id.*, p. 4.  Plaintiff contends that  notwithstanding the DOC policy, Defendant Frech "arbitrarily created a different 'policy' for this facility alone, which sets forth additional unreasonable, and outrageous requirement that diabetics must have already had 'midfoot amputation or more than 3 episodes of non-healing foot ulcers.'" Complaint, pp. 9-10.

Plaintiff states that he submitted a "medical grievance" intended for Defendant Frech which was intercepted and returned without answer by Defendant Guffy.  Complaint, p. 3. Plaintiff further states that a request to staff was also returned unanswered with the following explanation:

> Offender has indicated at the top of the Request to Staff that he does not have a lawsuit pending but is clearly planning one in the body of the RTS.  Requests for punitive damages cannot be addressed at the facility level.

Complaint, p. 5, 10.

---

[1]Unless otherwise indicated, quotations in this report are reproduced verbatim.

In Count I, Plaintiff contends that Defendant Guffy violated his First Amendment right "to petition for redress of grievance" when she intercepted the medical grievance directed to Defendant Frech. According to Plaintiff, Defendant Guffy was motivated by a desire to have fewer recorded grievances at the facility and to save the State money. Complaint, pp. 3, 8. In Count II, Plaintiff contends that Defendant Guffy violated his Fourteenth Amendment right to equal protection and treatment under the law in that "all other diabetic indigent inmates at other prisons in Oklahoma receive tennis shoes at state expense when a medical provider recommends it." Complaint, p. 3. In Count III, Plaintiff contends that Defendant Frech violated his Fourteenth Amendment right to equal protection and treatment under the law by arbitrarily creating a different policy regarding the provision of tennis shoes to diabetic prisoners incarcerated at JCCC.

**Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(b)(1), dismissal of a complaint is proper for failure to state a claim upon which relief may be granted. As with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Instead, as the United States Supreme Court has explained:

> To survive [dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (citation and internal quotations omitted). As discussed in further detail below, civil rights claims against individuals based on their supervisory status is not sufficient to state a claim upon which relief may be granted.

**Analysis**

In Count I, Plaintiff contends that his First Amendment right to seek redress from grievances was violated by Defendant Guffy. The Tenth Circuit has recognized that "there is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. Appx. 331, 332, (10th Cir. 2011) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)). Moreover, a state's voluntary provision of an administrative grievance process does not create a liberty interest in that process. *Id.* (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure)); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("A prison grievance

procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest[.]). "Instead, '[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.'" *Boyd*, 443 Fed. Appx. at 332 (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Consequently, any alleged deprivation of the prison grievance process here fails to implicate Plaintiff's right of access to the courts and therefore fails to state a plausible First Amendment claim upon which relief may be granted.

In Counts II and III, Plaintiff alleges that both Defendant Guffy and Defendant Frech have violated his constitutional right to equal protection. Plaintiff's equal protection claim is based on his assertion that while all other diabetic inmates in Oklahoma correctional institutions are provided tennis shoes by the State, pursuant to a policy created by Frech for JCCC only, he has been denied appropriate footwear.

Plaintiff does not claim to be a member of a suspect class, nor does he allege facts that, if true, would demonstrate the absence of a legitimate penological purpose for Defendant Frech's policy regarding provision of tennis shoes to diabetic inmates. *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994). He has, therefore, failed to state a plausible equal protection claim. The sole support for the equal protection claim is the conclusory statement in his complaint that diabetic inmates in other medium security facilities are provided tennis shoes at State expense without having to meet the criteria

required by Defendant Frech.  Because Plaintiff has failed to state a plausible claim of the denial of his equal protection rights, it is recommended that this claim be dismissed for failure to state a claim upon which relief may be granted.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth, the undersigned recommends that this action be dismissed without prejudice.  Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 28, 2012, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

ENTERED this 7th day of May, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE